UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL AVILA CRUZ (A-Number: 233-948-949),

Petitioner,

v.

CHRISTOPHER CHESTNUT, *et al.*,

Respondents.

Case No.  1:26-cv-3423-DJC-JDP

FINDINGS AND RECOMMENDATIONS

Petitioner Daniel Avila Cruz, a citizen of Colombia, is in immigration custody at the California City Detention Facility.  ECF No. 1 at 3.  Through counsel, he has filed a petition for a writ of habeas corpus to order respondents to "facilitate Petitioner's temporary production or transfer to Broward County, Florida for proceedings at which his presence is required, including jury trial."  *Id.* at 2.  In the alternative, he requests a bond hearing.  Respondents move to dismiss the petition on the basis that this court lacks jurisdiction and that petitioner has not exhausted his administrative remedies.  For the following reasons, I recommend that the petition be denied and that respondents' motion be denied.

**Background**

On February 9, 2026, in Broward County, Florida, petitioner was arrested for driving under the influence, misdemeanor hit and run, and property damage.  ECF No. 1-3 at 3.  Charges

1

remain pending. *Id.* A petit theft case is pending in the same court. ECF No. 1-2. Petitioner was taken into immigration custody in February 2026. *See* ECF No. 1 at 4. On March 20, 2026, the immigration court denied bond based on danger to the community from the DUI hit and run and related conduct. *See* ECF No. 1-5. Petitioner has a defense attorney in both misdemeanor cases, which are set for "calendar call" on May 28, 2026. *See* ECF No. 1 at 4.

**Analysis**

Petitioner argues that his immigration detention violates his Fifth Amendment right to consult with criminal defense counsel and defend his pending Florida criminal cases. ECF No. 1 at 6. The parties agree that petitioner is detained under 8 U.S.C. § 1226(a). *Id.* at 4; ECF No. 7 at 2. Petitioner received a bond hearing in immigration court and was detained as a danger. ECF No. 1-5.

Petitioner does not argue that his constitutional rights have been violated by being detained in his immigration case. Rather, petitioner seeks a federal court order that respondents temporarily produce or transfer petitioner to Broward County, Florida for his criminal proceedings. *Id.* at 9. Alternatively, petitioner seeks another bond hearing that "expressly considers Florida-based supervision, return to Florida ICE custody, and other less restrictive alternatives that would allow Petitioner to defend the Broward County cases. . . ." *Id.*

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Respondents urge the court to dismiss this matter for lack of jurisdiction. ECF No. 7 at 3.

2

The court has subject matter jurisdiction over the petition because petitioner has alleged that he is in custody "in violation of the Constitution or laws or treaties of the United States . . . ." 28 U.S.C. § 2241(c)(3).

Alternatively, respondents argue that petitioner has not exhausted administrative remedies, as he has not requested a second bond hearing. ECF No. 7 at 4. There is no statutory exhaustion requirement in 28 U.S.C. § 2241, but the Court of Appeals "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). Respondents argue that "the decision to transfer a detainee is an operational decision that lies solely with [ICE] Enforcement and Removal Operations ("ERO")." ECF 7 at 4. Accordingly, it appears that exhaustion of administrative remedies by requesting a second immigration court bond hearing would be futile, and accordingly, exhaustion is waived. *See Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). Because the court has subject matter jurisdiction and exhaustion is excused, respondents' motion to dismiss should be denied.

I recommend that the petition be denied on the merits. Petitioner cites no authority finding a constitutional violation cognizable in habeas on these facts. Importantly, petitioner does not claim that his immigration detention violates due process, but challenges respondents' decision to detain him in custody in California as opposed to Florida. ECF No. 1 at 2. He alleges that his detention in California violates his Fifth Amendment right in the Florida criminal cases. *Id.* at 6. Petitioner does not specify which Fifth Amendment right is being interfered with. He cites no law allowing this court to order relief in the form of transferring him or temporarily producing him to custody in Florida. Further, he cites no case law finding a Fifth Amendment violation when one is detained by a different sovereign in a facility that does not allow one to attend criminal court.

Petitioner argues that his cases are set for trial and that his transfer to Florida is urgently needed to permit counsel to prepare for trial. ECF No. 1 at 4, 8. Petitioner does not indicate what steps his defense counsel has taken to communicate with him through video or telephone.

3

Petitioner argues that his Florida trials cannot occur *in absentia* but does not explain whether the prosecuting attorney has made any attempt to obtain a *writ of habeas corpus ad prosequendum* to secure his appearance for those trials.

The only case petitioner cites in support of his position is *Orantes-Hernandez v. Thornburgh*, 919 F.2d 549, 565-67 (9th Cir. 1990), a class action against INS based on its violation of statutory and constitutional rights of detainees to consult with immigration counsel. *Orantes* does not compel relief here.  There are no cases that I can find in which a court has found a constitutional violation for one sovereign to hold a detainee in custody in a location that impacts the detainee's ability to defend a criminal case prosecuted by a different sovereign.

Accordingly, I recommend that the petition be denied.

**Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1.  The petition for writ of habeas corpus, ECF No. 1, be DENIED.

2.  The motion to dismiss, ECF No. 7, be DENIED.

3. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within seven days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:    May 26, 2026    

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE